FILED

2017 APR -6 AM 10: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _UAW_

1  Maria Ortega, Defendant in Pro Per
2  12384 San Marco DR
   Stanton CA 90680
3  714-375-091

8           UNITED STATES DISTRICT COURT
9  CENTRAL DISTRICT OF CALIFORNIA; ORANGE COUNTY DISTRICT

RICK HAYASHI,                        Case No: **SACV17-00622 CJC (JDEx)**

            Plaintiffs,               NOTICE OF REMOVAL OF ACTION
                                      UNDER 18 U.S.C. SECTION 1441(A)
vs.

JESUS B. ORTEGA, DOES 1-5

            Defendant

To the clerk of the above entitled Court:

PLEASE TAKE NOTICE that Defendant Maria Ortega hereby removes to this Court the

California Superior Court action described below.

1.)     On January 11, 2017, this action was commenced in the Superior Court of the State of

California, County of Orange, Fullerton Courthouse entitled *Rick Hiyashi v. Jesus B. Ortega* as

Case Number 30-2017-00896728-UD-NJC a copy of which is attached as Exhibit "A".

2.)     Defendant Maria Ortega was served with the Complaint in this action on April 4, 2017

and Maria Ortega joined the case on April 5, 2017. On The first date upon which Defendant

NOTICE OF REMOVAL OF ACTION UNDER 18 U.S.C. SECTION 1441(A)
- 1 -

received a copy of said Complaint was on or about April 4, 2017, when the Summons and Complaint were served on Defendant Maria Ortega.

3.)    This Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section (a) in that it arises under 42 U.S.C. § 2000(a)

4.) All named Defendants have been named or served with the Summons and Complaint.

Respectfully Submitted,

Dated: April 5, 2017              By: _____

Maria Ortega, Defendant in Pro Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "A"

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Randy Chang (SBN 237618)<br>The Chang Firm<br>7755 Center Ave., Ste 1100<br>Huntington Beach, CA 92647<br>TELEPHONE NO: 818-599-8095     FAX NO. (Optional): 866-541-8491<br>E-MAIL ADDRESS (Optional): randyc@thechangfirm.com<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**01/11/2017** at 09:46:23 AM<br>Clerk of the Superior Court<br>By Monique Ramirez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 1275 North Berkeley Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fullerton, CA 92832-1258
BRANCH NAME: North Justice

PLAINTIFF:  Rick Hayashi

DEFENDANT:  Jesus B. Ortega

[✓]  DOES 1 TO 5

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [✓] COMPLAINT  [ ] AMENDED COMPLAINT (Amendment Number): _____ | 30-2017-00895728-CL-UD-NJC |

Jurisdiction (check all that apply):
[✓]  ACTION IS A LIMITED CIVIL CASE
    Amount demanded  [✓]  does not exceed $10,000
                  [ ]  exceeds $10,000 but does not exceed $25,000

[ ]  ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ]  ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    [ ]  from unlawful detainer to general unlimited civil (possession in issue)    [ ]  from limited to unlimited
    [ ]  from unlawful detainer to general limited civil (possession not in issue)    [ ]  from unlimited to limited

1.  PLAINTIFF (name each):
Rick Hayashi
alleges causes of action against DEFENDANT (name each):
Jesus B. Ortega

2.  a.  Plaintiff is  (1) [✓] an individual over the age of 18 years.  (4) [ ]  a partnership.
                  (2) [ ]  a public agency.  (5) [ ]  a corporation.
                  (3) [ ]  other (specify):
    b.  [ ]  Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3.  Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
    12384 San Marco Drive, Stanton, CA 90680

4.  Plaintiff's interest in the premises is  [✓]  as owner  [ ]  other (specify):
5.  The true names and capacities of defendants sued as Does are unknown to plaintiff.
6.  a.  On or about (date) August 29, 2012      defendant (name each):
        Jesus B. Ortega

        (1) agreed to rent the premises as a  [ ]  month-to-month tenancy  [✓]  other tenancy (specify): One year
        (2) agreed to pay rent of $ 1750.00     payable  [✓]  monthly  [ ]  other (specify frequency):
        (3) agreed to pay rent on the  [✓]  first of the month  [ ]  other day (specify):
    b.  This  [✓]  written  [ ]  oral  agreement was made with:
        (1) [✓]  plaintiff.  (3) [ ]  plaintiff's predecessor in interest.
        (2) [ ]  plaintiff's agent.  (4) [ ]  other (specify):

* NOTE:  Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166<br>www.courtinfo.ca.gov

PLAINTIFF *(Name)*:  Rick Hayashi

DEFENDANT *(Name)*:  Jesus B. Ortega

CASE NUMBER:

6. c. ☑ The defendants not named in item 6a are
    (1) ☐ subtenants
    (2) ☐ assignees.
    (3) ☑ other *(specify)*:  Does 1-5

  d. ☑ The agreement was later changed as follows *(specify)*:
    $1950 per month - Month to month after February 28, 2013 per paragraph 2 of the lease

  e. ☑ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property unless item 6f is checked. See Code Civ. Proc., § 1166.)*
  f. ☐ *(For residential property.)* A copy of the written agreement is **not** attached because *(specify reason)*:
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☑ a. Defendant *(name each)*:

    Jesus B. Ortega

    was served the following notice on the same date and in the same manner:
    (1) ☐ 3-day notice to pay rent or quit   (4) ☐ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit       (5) ☐ 3-day notice to quit
    (3) ☑ 60-day notice to quit       (6) ☐ Other *(specify)*:
  b. (1) On *(date)*:  January 6, 2017   the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. ☐ All facts stated in the notice are true.
  d. ☐ The notice included an election of forfeiture.
  e. ☑ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*
  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. ☑ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☐ by personally handing a copy to defendant on *(date)*:
    (2) ☐ by leaving a copy with *(name or description)*:
    a person of suitable age and discretion, on *(date)*:        at defendant's
    ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on *(date)*:     because defendant cannot be found at defendant's residence or usual place of business
    (3) ☑ by posting a copy on the premises on *(date)*: 11/7/2016   ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 11/7/016
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☑ because no person of suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. ☐ *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement
  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. ☑ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

| PLAINTIFF (Name): Rick Hayashi | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Jesus B. Ortega | |

9. ☒ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease

10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $

11. ☒ The fair rental value of the premises is $ 65.00        per day

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure, section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding.

c. ☐ past-due rent of $

d. ☒ reasonable attorney fees.

e. ☐ forfeiture of the agreement.

f. ☒ damages at the rate stated in item 11 from *(date)* 01/07/2017        for each day that defendants remain in possession through entry of judgment.

g. ☐ statutory damages up to $600 for the conduct alleged in item 12.

h. ☐ other *(specify):*

18. ☐ Number of pages attached *(specify):*

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state.)*

a. Assistant's name:

b. Street address, city, and zip code.

c. Telephone No.:

d. County of registration:

e. Registration No.:

f. Expires on *(date)*

Date: 01/10/2017

Randy Chang
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/10/2017

Rick Hayashi
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER

Page 3 of 3

EXHIBIT 1

## RENTAL AGREEMENT

This Rental Agreement shall evidence the complete terms and conditions under which the parties whose signatures appear below have agreed, Landlord, RICK HAYASHI, shall be referred to as "OWNER" and Tenant(s), _Jesus B. Ortega_, shall be referred to as "RESIDENT." As consideration for this agreement, OWNER agrees to rent to RESIDENT and RESIDENT agrees to rent from OWNER for use solely as a private residence, the premises located at 12384 San Marcos Drive, Stanton, CA 90680.

1. **TERMS:** The rent is $1,750.00 per month due on the 1st day of each month. This agreement shall commence on _September 1, 2012_ and continue until _Feb. 28_, _2013_ as a leasehold. Thereafter it shall become a month-to-month tenancy. This agreement and the tenancy hereby granted may be terminated by either party hereto by giving to the other party not less than thirty (30) days prior notice in writing. Should the RESIDENT hold over beyond the termination date or fail to vacate all possessions on or before the termination date, RESIDENT shall be liable for rent through the end date on the lease.

2. **PAYMENTS:** Rent and/or other charges are to be made by direct deposit to OWNER's account, check or money order and/or cash. OWNER acknowledges receipt of the First Month's rent of $1,750.00, and a Security Deposit of $1,750.00 for a total payment of $3,500.00. All payments are to be made payable to RICK HAYASHI. No money is to be deducted by RESIDENT from rent payment for any reason without a written permission of OWNER.

3. **SECURITY DEPOSITS:** A written accounting of said charges shall be presented to RESIDENT within 21 days of move-out. The total of the above deposits shall secure compliance with the terms and conditions of this agreement and shall be refunded to RESIDENT within 30 days after the premises have been completely vacated less any amount necessary to pay OWNER; a) any unpaid rent if any, b) cleaning costs, c) cost for repair of damages to premises and/or common areas above ordinary wear and tear, and d) any other amount legally allowable under the terms of this agreement. If deposits do not cover such costs and damages, the RESIDENT shall immediately pay said additional costs for damages to OWNER. The security deposit will NOT be used towards the last month rent.

4. **LATE CHARGE AND FAILURE TO PAY RENT:** A late fee of $50.00 shall be added and due for any payment of rent made after the 5th of the month. Any dishonored check shall be treated as unpaid rent, and subject to an additional fee of $50.00. If RESIDENT fails to pay the rent when due, OWNER may give RESIDENT a 5-day written notice to pay the rent. If the rent remains unpaid at the end of the 5-day notice period, OWNER may institute eviction proceedings pursuant to law and/or other remedies provided by law including, but not limited to, suit to collect unpaid rent, damages and reasonable attorney's fees.

5. **UTILITIES:** RESIDENT agrees to pay all utilities and/or services based upon occupancy of the premises. The security deposit will not cover any unpaid charges, utilities and/or services.

6. **OCCUPANTS:** Guest(s) staying in the rental for more than 14 consecutive days, or a total of over 20 days in any 12 month period, is considered a resident. If done so without the written consent of OWNER shall be considered a breach of this agreement. ONLY the individuals indicated on the rental application, AND NO OTHERS shall occupy the subject residence for more than 20 days unless the expressed written consent of OWNER obtained in advance.

7. **PETS:** RESIDENT agrees that he shall not keep or permit to be kept in or about said premises, any dog, cat, other pet or animal for any amount of time, without the specific written permission of OWNER. If RESIDENT violates this rule, OWNER will give one-time warning. If RESIDENT does not abide by the warning, a 30 day written notice will be given to RESIDENT to terminate the tenancy.

8. **LIQUID FILLED FURNISHINGS:** No liquid filled furniture, receptacle containing more than ten gallons of liquid is permitted. RESIDENT may carry his own insurance to cover possible losses that may be caused by such items.

12. **CONDITION OF PREMISES:** RESIDENT acknowledges that he has examined the premises and that said premises, all furnishings, fixtures, furniture, plumbing, heating, electrical facilities, all items listed on the attached property condition checklist, if any, and/or all other items provided by OWNER are all clean, and in good satisfactory condition except as may be indicated elsewhere in this Agreement. RESIDENT agrees to keep the premises and all items in good order and good condition and to immediately pay for costs to repair and/or replace any portion of the above damaged by RESIDENT, his guests and/or invitees, except as provided by law. At the termination of this Agreement, all of above items in this provision shall be returned to OWNER in clean and good condition except for reasonable wear and tear and the premises shall be free of all personal property and trash not belonging to OWNER. It is agreed that all dirt, holes, tears, burns, and stains of any size or amount in the carpets, drapes, walls, fixtures, and/or any other part of the premises, do not constitute reasonable wear and tear.

13. **ALTERATIONS:** RESIDENT shall not paint, wallpaper, alter or redecorate, change or install locks, install antenna or other equipment, screws, fastening devices, large nails, or adhesive materials, place signs, displays, or other exhibits, on or in any portion of the premises without the written consent of the OWNER except as may be provided by law. If the premises are damaged or destroyed as to render them uninhabitable, then either OWNER or RESIDENT shall have the right to terminate this Agreement as of the date on which such damage occurs, through written notice to the other party to be given within fifteen days of occurrence of such damage. However, if such damage should occur as the result of the conduct or negligence of RESIDENT or RESIDENT 'guests or invitees, OWNER only shall have the right to termination and RESIDENT shall be responsible for all losses, including, but not limited to, damage and repair costs as well as loss of rental income.

14. **HOUSE RULES:** RESIDENT shall comply with all house rules provided by the management company. If/when any changes to the rules are made, RESIDENT will be notified by the OWNER.  A copy of the rules will be provided to RESIDENT.

15. **INSURANCE:** RESIDENT acknowledges that OWNERS insurance does not cover personal property damage caused by fire, theft, rain, war, acts of God, acts of others, and/or any other causes, nor shall OWNER be held liable for such losses. RESIDENT is hereby advised to obtain his own insurance policy to cover any personal losses

16. **RIGHT OF ENTRY AND INSPECTION:** OWNER may enter, inspect, and/or repair the premises at any time in case of emergency or suspected abandonment. OWNER shall give 24 hours advance notice and may enter for the purpose of showing the premises during normal business hours to prospective renters, buyers, lenders, for smoke alarm inspections, and/or for normal inspections and repairs. OWNER is permitted to make all alterations, repairs and maintenance that in OWNER'S judgment is necessary to perform.

17. **PARTIAL INVALIDITY:** Nothing contained in this Agreement shall be construed as waiving any of the OWNER'S or RESIDENT'S rights under the law. If any part of this Agreement shall be in conflict

with the law, that part shall be void to the extent that it is in conflict, but shall not invalidate this Agreement nor shall it affect the validity or enforceability of any other provision of this Agreement.

18. **NO WAIVER:** OWNER'S acceptance of rent with knowledge of any default by RESIDENT or waiver by OWNER of any breach of any term of this Agreement shall not constitute a waiver of subsequent breaches. Failure to require compliance or to exercise any right shall not be constituted as a waiver by OWNER of said term, condition, and/or right, and shall not affect the validity or enforceability of any provision of this Agreement.

19. **ATTORNEY FEES:** If any legal action or proceedings be brought by either party of this Agreement, the prevailing party shall be reimbursed for all reasonable attorney's fees and costs in addition to other damages awarded.

20. **JOINTLY AND SEVERALLY:** The undersigned RESIDENTS are jointly and severally responsible and liable for all obligations under this agreement.

21. **KEYS AND ADDDENDUMS:** RESIDENT acknowledges receipt of the following which shall be deemed part of this Agreement: (Please check)

   ___ Keys #of keys and purposes: Front Door, Sliding door (2 sets), Garage Door, Garage Openers(2 sets), Pool Gate
   ___ Copy of House Rules

22. **ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between OWNER and RESIDENT. No oral agreements have been entered into, and all modifications or notices shall be in writing to be valid.

23. **RECEIPT OF AGREEMENT:** The undersigned RESIDENTS have read and understand this Agreement and hereby acknowledge receipt of a copy of this Rental Agreement.

RESIDENT'S Name: Jesus B Ortega

RESIDENT'S Signature: _____

Date: 8-29-12

OWNER'S Name: RICK HAYASHI

OWNER'S Signature: _____

Date: August 26, 2012

# THE CHANG FIRM

*A Professional Law Firm*
Email: Randyc@thechangfirm.com

7755 Center Ave. Ste 1100                                                      Tel (714) 916-5295
Huntington Beach, California 92647                                             Fax (866) 541-8491

## 60-DAY NOTICE OF TERMINATION OF TENANCY

TO: JESUS B. ORTEGA

Regarding Real Property Located at: 12384 San Marcos Drive, Stanton, CA 90680

To the above named TENANT/RESIDENTS AND ALL OTHERS IN POSSESSION.

PLEASE TAKE NOTICE your tenancy of the above-described premises is hereby terminated as of the date sixty (60) days after the service of this NOTICE.  YOU ARE HEREBY required to quit and deliver up possession of the above-described premises to the undersigned.

THIS NOTICE IS GIVEN PURSUANT TO THE PROVISIONS OF SECTION 789 AND 1946 OF THE CALIFORNIA CIVIL CODE FOR THE PURPOSE OF TERMINATING YOUR TENANCY OF SAID PREMISES AS OF SIXTY DAYS AFTER SERVICE ON YOU OF THIS NOTICE.  State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions.  You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed.  In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

November 3, 2016                                        Rick Hayashi
                                                        Owner/Agent

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| Randy Chang, Esq.<br>The Chang Firm<br>7755 Center Ave., Ste. 1100<br>Huntington Beach, CA 92647<br>  TELEPHONE NO.: (818) 599-8095<br>  EMAIL ADDRESS: randyc@thechangfirm.com<br>  ATTORNEY FOR Landlord In Pro Per | |

| TBD, COUNTY OF ORANGE | |
|---|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |

| LANDLORD: Rick Hayashi | CASE NUMBER: |
|---|---|
| TENANT: Jesus B. Ortega and All Others In Possession | TBD |

| PROOF OF SERVICE | Ref. No. or File No.: |
|---|---|

1.   I am over 18 years of age and not a party to this action.

2.   Received by Serves R Us on 11/7/2016 at 8:36 am to be served on **Jesus B Ortega, 12384 San Marcos Drive, Stanton, CA 90680.**

3    **AFFIXED** a true copy of the **60 day notice of termination** (attached herewith) to the door at the address of: **12384 San Marcos Drive, Stanton, CA 90680,** the same being the defendant/respondent's last known place of **Abode** within the State of California.  Deponent completed service by mailing a true copy of the **60 day notice of termination** in a postpaid envelope to the address of: **12384 San Marcos Drive, Stanton, CA 90680** bearing the words "Personal & Confidential" by First Class Mail  on **11/7/2016.**

4.   Date and Time of service  11/7/2016 at 1:25  pm

5    I am an independent contractor of a registered California process server

6.   My name, address, telephone number, and, if applicable  county of registration and number are:
     Name: Candis Ayala
     Firm: Serves R Us
     Address  915 L Street # C123, Sacramento, CA 95811
     Telephone number  (916) 691-4189
     Registration Number: 1038
     County: Riverside County
     The fee for the service was: $105.00

7.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   11/19/2016

Candis Ayala

(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)          (SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Page 1 of 1

PROOF OF SERVICE          Job Number SRU-2016002027

**PROOF OF MAIL SERVICE**

**Of <u>Notice of Removal</u>**

On April 5, 2017 I the undersigned personally mailed a copy of the Notice of Removal to the **UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA, ORANGE COUNTY DISTRICT** of Superior Court Case No.: 30-2017-00896728-UD-NJC to the Plaintiff's Attorney, via US Mail, Postage Prepaid:

Randy Chang, Attorney; 7755 Center Ave. STE1100; Huntington Beach CA, 92647

My address is: 5850 W Third ST STE 221; Los Angeles CA 90036

I swear under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: April 5, 2107                    By: _____

                                                    Arthur Doyle